UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $549,860.00 IN UNITED STATES CURRENCY, <br><br> Defendant. | Case No. 22-cv-2711-JPG |

**MEMORANDUM AND ORDER**

    This matter comes before the Court on a motion to set aside admissions under Rule 36 of the Federal Rules of Civil Procedure. (Doc. 40). The movant, Hardip Zhim, wishes to cure an inadvertent admission caused by an error within the movant's counsel's law firm. Being duly advised in the premises having fully considered the issues and arguments raised, the Court **GRANTS** the motion.

    On May 20, 2024, the Plaintiff served Zhim with a request for admission pursuant to Rule 36. FED. R. CIV. P. 36. That same day, a paralegal from Zhim's counsel's law firm confirmed receipt of the request through email. Due to a communication and calendaring error, the paralegal did not pass on the request for admission to Zhim's attorney in time to respond to the request. Consequently, the facts within the Plaintiff's request for admission are admitted as true under the Federal Rules. Zhim has filed the present motion to set aside these admissions and allow Zhim's counsel time to properly respond to the request for admissions. Zhim argues that doing so would promote the presentation of the merits and would not prejudice the Government. Additionally, the present motion comes before the close of discovery and within thirty days of being served. Zhim also adds that service by email here was improper.

The United States opposes the motion. In their response the Government states that setting aside the admissions would not promote presentation of the merits because Zhim's proposed response would only admit to 20 of 105 requests; even then, many of the denials are denied for lack of knowledge. Denial for lack of knowledge, the Government claims, is "unacceptable because it does not state that [Zhim] has made a reasonable inquiry and that the information [he] knows or can readily obtain is insufficient to enable it to admit or deny as required by Rule 36," (Doc. 43) (internal quotations omitted), and withdrawal is appropriate only when the movant has evidence to controvert the previous admissions. Additionally, the Government states that it would be prejudiced by allowing the withdrawal of admissions because it would require broad and wide-reaching discovery and complicate matters at trial. Also, the Government states that a calendaring and communication error of this kind does not rise to the standard of "good cause."

The Court and the Plaintiff must remain conscious of who the Plaintiff is: the United States. An individual's right to be secure in their property was adjacent only to the rights of life and liberty as one of John Locke's natural rights—the inspiration for the Declaration of Independence's famous list of inalienable rights. While the changes to admissions that the movant proposes will undoubtedly complicate matters for the Plaintiff, the movant has a right to demand the Government prove its case prior to seizing property.

The very first rule of civil procedure states that the rules are to be "employed by the court . . . to secure the *just*, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (emphasis added). Though speed and cost are important considerations, they are subordinate to securing a just outcome. The United States would have the better of the argument if Zhim sought to change his admissions for some substantive reason; that is not the case here.

Zhim seeks to change his admissions from, effectively, a blank response, to an intelligent one. It seems wholly unjust to hold the movant to admissions he did not make. Accordingly, the Court will allow Zhim to set aside his admissions.

## **CONCLUSION**

Being duly advised in the premises, having fully considered the issues and arguments raised, the Court hereby **GRANTS** Hardip Zhim's motion to set aside his admissions. (Doc. 40).

**IT IS SO ORDERED.**
**DATED:  March 3, 2025**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**